Yevgeny MATUSOVSKY, Plaintiff,

· v.

MERRILL LYNCH, Defendant.

No. 01 Civ. 8537(VM).

United States District Court,
S.D. New York.

Feb. 15, 2002.

Louis Ginsberg, Law Firm of Louis Ginsberg, P.C., New York City, for plaintiff.

Christopher Alan Parlo, Debra S. Morway, Morgan, lewis & Bockius, L.L.P., New York City, for defendant.

## DECISION AND AMENDED ORDER

MARRERO, District Judge.

Plaintiff Yevgeny Matusovsky ("Matusovsky") filed this action against defendant Merrill Lynch, Pierce & Smith Incorporated ("Merrill") alleging violations of his civil rights under federal, New York State and City laws. In response, Merrill filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, the Court grants Merrill's motion.

## BACKGROUND

According to the complaint, Merrill hired Matusovsky as a full-time consultant in 1998. At that time, Matusovsky informed Merrill that, as an Orthodox Jew, he observed the Sabbath and could not work on Saturdays. Initially, Merrill did not schedule Matusovsky for work on Saturdays. However, starting sometime during or after November of 1999, a new manager began assigning Matusovsky to work on Saturday nights and Sundays. In March of 2000, Matusovsky was put on probation for poor performance and attendance; on July 5, 2000, he was fired.

Shortly after his termination, Matusovsky commenced proceedings in the Civil Court of New York to obtain ten boxes of property from his office that he contended belonged to him. Before the Civil Court heard the matter, on September 22, 2000 Merrill settled the case. In that connection, Matusovsky signed a General Release stating that:

> I [Yevgeny Matusovsky] release and give up any and all claims which I may have against You [Merrill]. This releases all claims, including those of which I am not aware and those not mentioned in this release. This General Release applies to all claims resulting from any-

thing which has happened up to now. I specifically release any and all claims arising out of my small claims action brought in the Civil Court of New York, Index Number SCK 6773/2000. (Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint ("Def.'s Mem."), at Ex. B ("General Release") at 1, ¶ 1.) In exchange for execution of the General Release, Matusovsky was permitted to retrieve the ten boxes he claimed and received a check in the amount of $45.00. (General Release, ¶ 3 ("Paragraph Three").)

Matusovsky acknowledges that he signed a "General Release purportedly releasing Merrill Lynch of any liability with respect to any claims Plaintiff may have against the company." (Complaint ("Compl."), ¶ 12.) Matusovsky claims that the General Release does not bar this action because Merrill "did not provide Plaintiff with any consideration in exchange for the General Release." (Compl., ¶ 13.) Matusovsky made no allegations in his complaint regarding the circumstances under which he entered the General Release.

In response, Merrill filed a motion to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(6) based on Matusovsky's failure to state a claim upon which relief may be granted. Merrill attached the General Release in support of its motion. Matusovsky opposed the motion on the grounds that the General Release is invalid and unsupported by consideration. The question before the Court is whether the General Release operates to bar this action. The Court concludes that it does.

## DISCUSSION

A district court may grant a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) only if it appears beyond doubt that the non-moving party could prove no

set of facts that would entitle it to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir.1994). In reviewing the pleadings, a court must accept the non-moving party's factual allegations as true. *See Hishon*, 467 U.S. at 73, 104 S.Ct. 2229. Furthermore, a court may consider documents attached to the complaint as exhibits, or incorporated by reference, as well as any documents that are integral to, or explicitly referenced in, the pleading. *See I. Meyer Pincus & Associates v. Oppenheimer & Co., Inc.*, 936 F.2d 759, 762 (2d Cir.1991); *2 Broadway L.L.C. v. Credit Suisse First Boston*, No. 00 Civ. 5773, 2001 WL 410074,*5 (S.D.N.Y. Apr. 20, 2001). If a plaintiff's allegations are contradicted by such a document, those allegations are insufficient to defeat a motion to dismiss. *See 2 Broadway LLC*, 2001 WL at *9 (citations omitted). Here, Matusovsky explicitly referred to the General Release in his complaint. Thus, the Court will examine that document in its consideration of Merrill's motion to dismiss the complaint.

■ Under federal law, an employee may waive his Title VII claim of discrimination against his employer, provided that the waiver is knowing and voluntary. *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 52 & n. 15, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *Bormann v. AT & T Communications, Inc.*, 875 F.2d 399, 402 (2d Cir. 1989); *Livingston v. Bev–Pak, Inc.*, 112 F.Supp.2d 242, 247 (S.D.N.Y.2000). Whether the employee's waiver was knowing and voluntary depends upon the totality of the circumstances, including factors such as:

(1) the plaintiff's education and business experience; (2) the amount of time that the plaintiff had possession of or access to the agreement before he signed it; (3) the plaintiff's role in deciding the terms of the waiver agreement; (4) the clarity of the agreement; (5) whether the plaintiff was represented by or consulted with an attorney prior to signing the agreement; (6) whether the consideration given to the plaintiff was in exchange for the waiver exceeds the employee benefits to which the plaintiff was already entitled by contract or law; (7) whether the employer encouraged or discouraged the plaintiff to consult with an attorney; and (8) whether the plaintiff had a fair opportunity to consult with an attorney prior to signing the agreement.

*Livingston*, 112 F.Supp.2d at 247 (citing *Bormann*, 875 F.2d at 403). Not every factor must be present for a waiver to be enforceable. *Id.*

■ Here, Matusovsky was employed as a consultant by Merrill. This position indicates that he is neither uneducated nor inexperienced in business affairs. Furthermore, his commencement of legal proceedings to obtain ten boxes of property held by Merrill constitutes some evidence of Matusovsky's sophistication in business and legal matters.

Written in plain English, the language of the General Release is clear and unambiguous. By its terms, it covers "anything which has happened up to now." Because Matusovsky had been fired only two and a half months prior to signing the General Release, it would have been unreasonable for Matusovsky to believe that the General Release did not also cover the circumstances of his firing.

Although Matusovsky was not represented by an attorney, he had fair opportunity to obtain one prior to commencing the Civil Court action or during its pendency. Furthermore, Matusovsky does not allege that Merrill discouraged him from consulting with an attorney.

Under paragraph Three of the General Release, in exchange for signing the Gen-

eral Release, Matusovsky received ten boxes of property which he alleges belonged to him and which he argues was no more than he was entitled to obtain as a matter of law. However, Merrill had opposed Matusovsky's complaint in Civil Court and disputed ownership over the contents of the ten boxes prior to execution of the General Release. Accordingly, in addition to receiving ten boxes of property, the ownership of which may have been contested, Matusovsky received the additional consideration of settlement of the pending Civil Court action. Conceivably, also, insofar as Merrill may have had grounds to claim that any part of the property Matusovsky took away did not belong to him, but did belong to Merrill, the settlement of the Civil Court action may have entailed Merrill's agreement to drop any claim it may have had against Matusovsky. Certainly, Merrill's relinquishment of such claims would qualify as valuable consideration and something to which Matusovsky was not already entitled.

In exchange also for Matusovsky's execution of the General Release, Merrill agreed to send Matusovsky a check in the amount of $45.00. Matusovsky did not contest Merrill's explanation that the $45.00 payment was to cover "certain expenses for which [Matusovsky] wished to be reimbursed, including a fee he paid in the [Civil] Court." (Def.'s Mem., at 5.) Accordingly, it appears that Matusovsky received more than that to which he was already entitled under law. Moreover, contrary to Matusovsky's conclusory assertions, (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint, at 4–5), it follows from the particularity of Paragraph Three that Matusovsky participated in the negotiation and drafting of the General Release. Accordingly, nothing in the record before the Court indicates that the General Release is invalid, or fails for want of consideration,

under Federal law. As such, Matusovsky failed to state a federal claim. *See 2 Broadway LLC,* 2001 WL at \*9.

■ Similarly, New York state courts enforce "a valid release which is clear and unambiguous on its face and which is knowingly and voluntarily entered into . . . as a private agreement between the parties." *Skluth v. United Merchants and Manufacturers, Inc.,* 163 A.D.2d 104, 106, 559 N.Y.S.2d 280 (App. Div. 1st Dep't 1990); *Laramee v. Jewish Guild for the Blind,* 72 F.Supp.2d 357, 359 (S.D.N.Y. 1999) (applying *Bormann* factors to evaluate and approve validity of waiver under New York law). Such a release may still be attacked "for being the product of fraud, duress or undue influence." *Skluth,* 163 A.D.2d at 106, 559 N.Y.S.2d 280. However, under New York law, there is no obligation that a valid release be supported by consideration. *See* N.Y. Gen. Oblig. § 15–303.

■ Here, Matusovsky does not assert that Merrill procured the General Release through fraud, duress or undue influence. The Court already discussed that, as a factual matter, the release is valid and supported by sufficient consideration. Furthermore, Matusovsky's claim that the General Release is invalid for want of consideration is not cognizable under New York law. Therefore, because Matusovsky failed to state a claim under federal, New York State and City law, his complaint must be dismissed.

### ORDER

For the reasons set forth above, it is hereby

**ORDERED** that the Court's Order dated January 31, 2002, be amended to incorporate the discussion set forth above; and it is further

**ORDERED** that the complaint be dismissed; and it is finally

**ORDERED** that the Clerk of Court close this case.

**SO ORDERED.**